**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

PHILLIP WILLIAMS GEORGE,
            *Defendant-Appellant.*

No. 08-30339

D.C. No.
2:07-CR-02119-
WFN-1
Eastern District of
Washington,
Spokane

ORDER

Filed March 7, 2012

Before: William C. Canby, Jr., Jay S. Bybee, and
Consuelo M. Callahan, Circuit Judges.

## ORDER

   Phillip Williams George was charged with, and convicted of, failing on September 27, 2007 to register as required under the Sex Offender Registration and Notification Act, 18 U.S.C. § 2250 ("SORNA"). The grand jury charged that George had been convicted in 2003 of sexual abuse of a minor on an Indian Reservation in violation of 18 U.S.C. §§ 2243(A) and 1153, and had subsequently traveled in interstate commerce and failed to register as required by SORNA. We affirmed his conviction. *United States v. George*, 625 F.3d 124 (9th Cir. 2010).

   Thereafter, George filed a petition for rehearing en banc and a motion to dismiss the indictment. The motion to dismiss was based on our opinion in *United States v. Valverde*, 628 F.3d 1159 (9th Cir. 2010), in which we held that the Attorney

2593

General's February 28, 2007 interim rule applying SORNA to sex offenders who were convicted before SORNA's enactment was invalid and that SORNA did not become applicable to such individuals until August 1, 2008. *Id.* at 1160. The motion to dismiss was held in abeyance pending the Government's petition for a writ of certiorari from *Valverde*.

The Supreme Court has now denied the Government's petition from *Valverde*. Accordingly, as George was charged with violating SORNA on September 27, 2007, at a time when we have determined SORNA was not applicable to persons such as George, his motion to dismiss must be granted.

We hereby grant the motion to dismiss, vacate our prior opinion, and remand this matter to the district court with directions to dismiss the indictment against George. This action renders the petition for rehearing en banc moot.