FILED

**NOT FOR PUBLICATION**

MAY 02 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff - Appellant,<br><br>   v.<br><br>JOSHUA A. ELKINS,<br><br>              Defendant - Appellee. | No. 11-30135<br><br>D.C. No. 2:10-cr-00133-LRS-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Argued and Submitted April 10, 2012
Seattle, Washington

Before: D.W. NELSON, TASHIMA, and CALLAHAN, Circuit Judges.

The Government appeals from the district court's dismissal of the indictment charging Joshua Elkins with failing to register as a sex offender pursuant to the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16901 *et. seq.* The district court held that the application of SORNA to Elkins based on his

---

          [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Washington juvenile sex offense was punitive and hence violated the ex post facto clause of the Constitution. We vacate the dismissal order and remand for further proceedings.[1]

We review the dismissal of an indictment on the basis of statutory interpretation or constitutional law de novo. *United States v. Begay*, 622 F.3d 1187, 1193 (9th Cir. 2010). We also review an alleged ex post facto violation de novo. *United States v. Arzate-Nunez*, 18 F.3d 730, 733 (9th Cir. 1994).

In *Smith v. Doe,* 538 U.S. 84, 92 (2002), the Supreme Court held that where a legislature requires registration of sex offenders as a civil regulatory scheme, "only the clearest proof will suffice to override legislative intent and transform what has been denominated a civil remedy into a criminal penalty." There is no question that in enacting SORNA Congress intended to establish a civil regulatory scheme. *See United States v. Juvenile Male*, 590 F.3d 924, 930 (9th Cir. 2010), *vacated by United States v. Juvenile Male*, 131 S. Ct. 2860 (2011). Citing our 2010 opinion in *Juvenile Male*, 590 F3d. 924, the district court determined that requiring Elkins to register under SORNA on the basis of his Washington juvenile sex offense had a punitive effect. As noted, thereafter the Supreme Court vacated

---

[1]     Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

*Juvenile Male*. In addition, our opinion in *United States v. Juvenile Male*, 670 F.3d 999 (9th Cir. 2012), undermines the assertion that applying SORNA's registration requirement to an individual based on a juvenile sex offense violates that person's constitutional rights. Moreover, the record here shows that under Washington law, Elkins' juvenile sex offense was not treated as confidential because he was required to register (and did register) as a sex offender. Furthermore, the differences between the reporting requirements under Washington law and SORNA are minimal. Accordingly, the record does not support a determination that applying SORNA to Elkins is sufficiently punitive either in purpose or effect as to render it punitive. *See Smith*, 538 U.S. at 92.

Elkins' alternative argument that the ex post facto clause of the Constitution bars the application of SORNA's criminal penalty to offenders required to register because of pre-SORNA convictions has been rejected by this court and implicitly by the Supreme Court. We explicitly rejected the argument in *United States v. George*, 625 F.3d 1124, 1130-31 (9th Cir. 2010). Although we subsequently vacated *George* on other grounds, *United States v. George*, 672 F.3d 1126 (9th Cir. 2012), at least one other opinion recognizes that a violation of SORNA is a continuing offense and thus does not violate the ex post facto clause. *See United States v. Clements*, 655 F.3d 1028, 1029 (9th Cir. 2011). Moreover, the Supreme

3

Court's opinions in *Reynolds v. United States*, 132 S. Ct. 975 (2012), and *Carr v. United States*, 130 S. Ct. 2229 (2010), implicitly hold that SORNA may be constitutionally applied to individuals who were convicted of sex offenses before SORNA was enacted.

Finally, Elkins' argument that the indictment should be dismissed because he did not have actual notice that he was required to register under SORNA is foreclosed by our opinion in *United States v. Crowder*, 656 F.3d 870 (9th Cir. 2011). In *Crowder*, we held that the Government need only prove that an individual knew that he was required to register as a sex offender and not that he knew that registration was required by SORNA. *Id.* at 873-74. Thus, Elkins' argument that he lacked knowledge of SORNA's registration requirement does not support the dismissal of the indictment although on remand, Elkins may assert as a defense that his travel to California did not give rise to an obligation to register under Washington law or that he could not have reasonably known of such an obligation.

The district court's dismissal of the indictment is **VACATED** and this matter is **REMANDED**.

4