**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff - Appellee,<br><br>     v.<br><br>THEODORE ADOLPH,<br><br>          Defendant - Appellant. | No. 10-30189<br><br>D.C. No. 2:05-cr-00178-WFN-1<br><br>MEMORANDUM[*] |
| UNITED STATES OF AMERICA,<br><br>          Plaintiff - Appellee,<br><br>     v.<br><br>THEODORE HENRY ADOLPH,<br><br>          Defendant - Appellant. | No. 10-30190<br><br>D.C. No. 2:09-cr-00078-WFN-1 |

Appeals from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, Senior District Judge, Presiding

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: TASHIMA,*** PAEZ, and IKUTA, Circuit Judges.

Theodore Henry Adolph was convicted of a federal sex crime in 2006. In 2009 he was convicted of failing to register as a sex offender in violation of 18 U.S.C. § 2250(a), part of the Sex Offender Registration and Notification Act ("SORNA"), and of violating the term of his supervised release that required him to register as a sex offender under state law. Adolph appeals his 2009 conviction and sentence and the sentence for violation of supervised release. He presents six distinct claims. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

**1.** Adolph argues that the district court should have dismissed the SORNA charge because Washington state had not implemented SORNA and therefore it was impossible for him to fail to register "as required by [SORNA]." 18 U.S.C. § 2250(a)(3). This argument is foreclosed by our recent decisions in *Elkins* and *Elk Shoulder*. *United States v. Elk Shoulder*, No. 10–30072, 2013 WL 5303242, at *5 (9th Cir. Sept. 23, 2013) (holding that "'the federal government's prosecution of an

---

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** Judge Tashima was drawn to replace Judge B. Fletcher, who died after submission was deferred.

alleged violation of SORNA is not dependent on the individual state's implementation of the administrative portion of SORNA'" (quoting *United States v. Elkins*, 683 F.3d 1039, 1046 (9th Cir. 2012)).  We therefore reject Adolph's various formulations of this argument.

**2.**  Adolph next argues that Congress did not have the power to enact SORNA's registration requirements contained in 42 U.S.C. § 16913(a).  This argument is similarly foreclosed by recent decisions of the Supreme Court and our court.  *See United States v. Kebodeaux*, 133 S. Ct. 2496, 2500 (2013) (concluding that "the Necessary and Proper Clause grants Congress adequate power to enact SORNA and to apply it" to a defendant convicted of a federal sex crime who was subject to federal sex offender registration requirements at the time of SORNA's enactment in 2006); *Elk Shoulder*, 2013 WL 5303242, at \*10 (recognizing that applying SORNA registration requirements to a previously convicted sex offender who was already subject to federal registration requirements is "'within the scope of Congress' authority'" (quoting *Kebodeaux*, 133 S. Ct. at 2505)).  SORNA's registration requirements were lawfully applied to Adolph because he was convicted of a federal sex crime several months after SORNA's enactment.  Thus, we also reject Adolph's various formulations of this argument.

**3.** Adolph next challenges his sentence for his conviction under § 2250(a).[1] He argues that the district court erred in calculating his sentence by applying the federal "tiering" of sex offenses rather than the state classification of sex offenses. Washington's classification system has no effect on the federal sentencing scheme.[2] Adolph was convicted of a federal crime, failing to register pursuant to 18 U.S.C. § 2250(a), and the district court properly applied the federal Sentencing Guidelines. *See* 18 U.S.C. § 3551 ("Except as otherwise specifically provided, a defendant who has been found guilty of an offense described in any Federal statute . . . shall be sentenced in accordance with the provisions of this chapter . . . .").

**4.** Adolph next argues that the 2006 supervised release condition requiring him to register under state law was unconstitutionally vague. Adolph's argument conflates his 2009 § 2250(a) conviction and his supervised release violation. The 2006 supervised release condition explicitly required that Adolph register under state law, a condition he violated and for which he was sentenced to 12-months

---

[1] By not addressing it in his opening brief, Adolph has waived his argument that his sentence was substantively unreasonable. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived.").

[2] Because the state classification system has no effect on the federal sentencing scheme, we find it unnecessary to address Adolph's arguments regarding the change in his state classification.

imprisonment to run concurrently with the sentence imposed for his § 2250(a) conviction. That Adolph was also subject to SORNA does not render the 2006 supervised release condition that he register under state law impermissibly vague, nor does it alter the terms of the condition.

**5.** Relatedly, Adolph argues that his due process rights were violated because he lacked notice regarding which registration system he was required to comply with and under which sentencing regime he would be punished. We have explicitly said that a "SORNA defendant's knowledge of his failure to 'register or update a registration' as required by state law is sufficient to satisfy the 'notice' requirement of the Due Process Clause." *Elk Shoulder*, 2013 WL 5303242, at *6 (quoting *Elkins*, 683 F.3d at 1049-50). Again, Adolph's argument that he lacked notice with respect to the applicable sentencing regime rests on his mistaken belief that the state classification system played a role in the federal sentencing scheme. It did not. Adolph was convicted of a federal offense and thus had notice that he would be sentenced according to federal law. *See* 18 U.S.C. § 3551.

**6.** Finally, Adolph argues that there are "federalism problems" with SORNA. Much of Adolph's argument rehashes ground we have already covered. We therefore find no merit in Adolph's federalism argument.

**AFFIRMED.**