**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUN 27 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

<table>
<tr><td>

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

HENRY THOMAS STANDING ELK, Jr.,

        Defendant - Appellant.

</td><td>

No. 11-30323

D.C. No. 4:11-cr-00053-SEH

MEMORANDUM[*]

</td></tr>
</table>

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted June 25, 2014[**]

Before:    HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

Henry Thomas Standing Elk, Jr., appeals from the district court's judgment

and challenges his guilty-plea conviction for failure to register as a sex offender

under the Sex Offender Registration and Notification Act ("SORNA"), in violation

of 18 U.S.C. § 2250(a).  We have jurisdiction under 28 U.S.C. § 1291, and we

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

affirm.

Standing Elk first argues that the district court should have dismissed the indictment because Montana had not implemented SORNA at the time of his offense. This argument is foreclosed. *See United States v. Elk Shoulder*, 738 F.3d 948, 954-55 (9th Cir. 2013), *cert. denied*, 134 S. Ct. 1920 (2014) (enforcement of SORNA is not dependent on a state's implementation of the administrative portion of SORNA); *United States v. Elkins*, 683 F.3d 1039, 1046 (9th Cir. 2012) (same).

Standing Elk next argues that Congress lacked authority under the Commerce Clause to require him to register. This argument is also foreclosed. *See United States v. Kebodeaux*, 133 S. Ct. 2496, 2500 (2013) (concluding that "the Necessary and Proper Clause grants Congress adequate power to enact SORNA and to apply it" to a defendant convicted of a federal sex crime who was subject to federal sex offender registration requirements at the time of SORNA's enactment in 2006); *Elk Shoulder*, 738 F.3d at 959 (same).

**AFFIRMED.**