**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff - Appellee,<br><br>　v.<br><br>LOUIE DONALD IRON BEAR,<br><br>　　　　　Defendant - Appellant. | No. 09-30345<br><br>D.C. No. 4:09-cr-00049-SEH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted June 25, 2014[**]

Before:　　HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

Louie Donald Iron Bear appeals from the district court's judgment and

challenges his guilty-plea conviction and 20-month sentence for failure to register

as a sexual offender under the Sex Offender Registration and Notification Act

("SORNA"), in violation of 18 U.S.C. § 2250(a).  We have jurisdiction under 28

---

　　　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

　　　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291, and we affirm in part and dismiss in part.

Iron Bear first argues that the district court should have dismissed the indictment because Montana had not implemented SORNA at the time of his offense. This argument is foreclosed. *See United States v. Elk Shoulder*, 738 F.3d 948, 954-55 (9th Cir. 2013), *cert. denied*, 134 S. Ct. 1920 (2014) (enforcement of SORNA is not dependent on a state's implementation of the administrative portion of SORNA); *United States v. Elkins*, 683 F.3d 1039, 1046 (9th Cir. 2012) (same).

Iron Bear next argues that Congress lacked authority under the Commerce Clause to require him to register. This argument is also foreclosed. *See United States v. Kebodeaux*, 133 S. Ct. 2496, 2500 (2013) (concluding that "the Necessary and Proper Clause grants Congress adequate power to enact SORNA and to apply it" to a defendant convicted of a federal sex crime who was subject to federal sex offender registration requirements at the time of SORNA's enactment in 2006); *Elk Shoulder*, 738 F.3d at 959 (same).

Lastly, Iron Bear contends that the district court failed adequately to explain the sentence and that the 20-month sentence was substantively unreasonable. Because Iron Bear has fully served his custodial sentence and is no longer subject to a term of supervised release, we dismiss his sentencing appeal as moot. *See United States v. Palomba*, 182 F.3d 1121, 1123 (9th Cir. 1999).

**AFFIRMED in part; DISMISSED in part.**