

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30326 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-06086-RHW |
| v. | |
| LESTER THOMAS EALY, Sr., a.k.a. Lester Thomas Ealy, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, District Judge, Presiding

Submitted June 25, 2014**

Before:    HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

Lester Thomas Ealy, Sr., appeals from the district court's judgment imposed

following his guilty-plea conviction for failing to register as a sex offender under

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the Sex Offender Registration and Notification Act ("SORNA"), in violation of 18 U.S.C. § 2250(a). Ealy challenges the district court's denial of his motion to dismiss the indictment. We have jurisdiction under 28 U.S.C. § 1291. We review do novo, *see United States v. Cabrera-Gutierrez*, No. 12-30233, 2014 WL 998173, at *2 (9th Cir. Mar. 17, 2014), and we affirm.

Ealy contends that the district court should have dismissed the indictment because SORNA did not require him to register in Washington until Washington had implemented a SORNA-compliant registry. He argues that a contrary interpretation of SORNA raises constitutional concerns under the Commerce and Ex Post Facto Clauses. Ealy's argument is foreclosed by recent cases of this court. *See id.* at *3-4 (Congress had the power under the Commerce Clause to enact SORNA); *United States v. Elk Shoulder*, 738 F.3d 948, 953-54 (9th Cir. 2013), *cert. denied*, 134 S. Ct. 1920 (2014) (rejecting ex post facto challenge to SORNA); *United States v. Elkins*, 683 F.3d 1039, 1046 (9th Cir. 2012) ("[T]he federal government's prosecution of an alleged violation of SORNA is not dependent on the individual state's implementation of the administrative portion of SORNA.").

Ealy next argues that even if SORNA required him to register, it only required him to comply with Washington law. He further contends that, because Washington law did not require him to register, he would not have been permitted

to do so and thus, compliance with SORNA was impossible.  This argument fails because Ealy could have complied with SORNA by registering with the State of Washington.  *See Elk Shoulder*, 738 F.3d at 955 ("Because Elk Shoulder could have registered with the State of Montana's registry, and because this would have allowed him to register 'as required by' SORNA, it was not impossible for Elk Shoulder to meet the requirements of § 2250(a).").  Moreover, the record supports the district court's finding that Ealy would have been permitted to register had he attempted to do so, and thus, he could have complied with SORNA.

**AFFIRMED.**