**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30059 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-06025-RMP |
| v. | |
| TIMOTHY J. SADLIER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, Chief Judge, Presiding

Submitted July 22, 2014[**]

Before:     GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

Timothy J. Sadlier appeals from the district court's judgment and challenges his guilty-plea conviction for failing to register as a sex offender under the Sex Offender Registration and Notification Act ("SORNA"), in violation of 18 U.S.C. § 2250(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Sadlier contends that the district court should have dismissed the indictment because neither Washington nor Tennessee, the states in which he resided, had implemented SORNA at the time of his offense. This argument is foreclosed. *See United States v. Elkins*, 683 F.3d 1039, 1046 (9th Cir. 2012) (enforcement of SORNA is not dependent on a state's implementation of the administrative portion of SORNA).

Sadlier next argues that Congress lacked authority under the Commerce Clause to enact SORNA and to compel his registration. This argument is also foreclosed. *See United States v. Cabrera-Gutierrez*, No. 12-30233, 2014 WL 998173, at *3-4 (9th Cir. Mar. 17, 2014) (Congress had the authority under the Commerce Clause to enact SORNA and punish a state sex offender who traveled in interstate commerce for failing to register).

**AFFIRMED.**