**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 27 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30202 |
| Plaintiff-Appellee, | D.C. No. 1:19-cr-00135-DLC-1 |
| v. | |
| ANTHONY PRETTY ON TOP, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Submitted August 17, 2021**

Before:    SILVERMAN, CHRISTEN, and LEE, Circuit Judges.

Anthony Pretty On Top appeals his bench-trial conviction for failure to register as a sexual offender under the Sex Offender Registration and Notification Act ("SORNA"), in violation of 18 U.S.C. § 2250(a), arguing that the district court should have granted his motion for a judgment of acquittal because SORNA is

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

constitutionally infirm as applied to juvenile offenders.  We have jurisdiction under 28 U.S.C. § 1291.  Reviewing de novo, *see United States v. Juvenile Male*, 670 F.3d 999, 1009 (9th Cir. 2012), we affirm.

Pretty On Top contends that, because he was a juvenile when he committed the underlying sex offense, the application of SORNA to him violates the Ex Post Facto Clause and the Eighth Amendment, as well his rights to due process and equal protection.  Pretty On Top's arguments are foreclosed.  *See United States v. Elkins*, 683 F.3d 1039, 1041 (9th Cir. 2012) (holding that, because SORNA's requirements are not punitive, it is not a violation of the Ex Post Facto Clause to apply SORNA to a defendant based on his conviction as a juvenile sex offender); *Juvenile Male*, 670 F.3d. at 1008-14 (rejecting due process, equal protection, and Eighth Amendment challenges to SORNA's registration requirements as applied to juvenile offenders).  While Pretty On Top argues that this court "should readdress the issue of whether SORNA as it pertains to juvenile delinquents is constitutionally infirm," he does not point to any authority that is "clearly irreconcilable" with our previous decisions.  *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc) (three-judge panel is bound by prior precedent unless that precedent is "clearly irreconcilable" with an intervening decision of a higher court).

To the extent Pretty On Top contends that SORNA's registration

requirements violate the Ex Post Facto Clause because he could potentially obtain relief from his registration requirements under Montana law while still being required to register under SORNA, we agree with the district court that this claim is not ripe. *See Texas v. United States*, 523 U.S. 296, 300 (1998) (claim is not ripe if it rests upon future events that may not occur). In any event, this court has consistently held that SORNA's registration requirements are nonpunitive, even where there are differences between the applicable state and federal reporting requirements. *See United States v. Elk Shoulder*, 738 F.3d 948, 953-54 (9th Cir. 2013); *Elkins*, 683 F.3d at 1048-49.

**AFFIRMED.**

20-30202