NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 24 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>ANTHONY MCGEE,<br><br>Defendant - Appellant. | No. 24-5532<br><br>D.C. No.<br>3:12-cr-00052-EMC-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted October 22, 2025**
San Francisco, California

Before: CLIFTON, OWENS, and BUMATAY, Circuit Judges.

Anthony McGee appeals from the district court's judgment revoking his

supervised release and sentence of twelve months and one day in custody, followed

by twenty-four months of supervised release. McGee contends that the district

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

court erred in finding he violated his release conditions. We review for abuse of discretion the district court's revocation of supervised release. *United States v. Hilger*, 728 F.3d 947, 951 (9th Cir. 2013). And we review de novo questions of statutory interpretation, *United States v. Turner*, 312 F.3d 1137, 1142 (9th Cir. 2002), the district court's ruling that there was no *Ex Post Facto* Clause violation, *United States v. Reynard*, 473 F.3d 1008, 1017 (9th Cir. 2007), and whether the defendant received due process, *United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008). As the parties are familiar with the facts, we do not recount them here. We affirm.

1. The district court properly determined that McGee was required to register as a sex offender under California's Sex Offender Registration Act ("SORA"). McGee contends that at the time of his supervised release violations, SORA did not unequivocally require him to register as a sex offender, as it only applies to persons "discharged or paroled from the Department of Corrections and Rehabilitation." Cal. Penal Code § 290.008(a). Furthermore, even if he were required to register, he argues that his registration period ended well before his alleged failures to register, as the tolling principles of Section 290(e) do not apply to juvenile offenders required to register under Section 290.008(a).

Contrary to his contention, SORA applies to McGee. Even though McGee was committed to and discharged from the California Youth Authority ("CYA"),

the Department of Corrections and Rehabilitation includes the now-defunct CYA. *See* Cal. Gov't. Code § 12838.5 (2005); *see also In re Jose T.*, 120 Cal. Rptr. 3d 562, 563 n.1 (Ct. App. 2010). As for the tolling requirement, Section 290.008(a) incorporates Section 290(e)'s language tolling the registration period, requiring offenders to "register in accordance with the Act." Cal. Penal Code § 290.008(a).

2. The district court's retroactive application of SORA did not constitute an *Ex Post Facto* violation. At the time of McGee's juvenile adjudication, SORA's juvenile sex offender registration terminated when the offender turned twenty-five. *See* Cal. Penal Code § 290, Stats. 1993, ch. 595 (A.B. 595), § 8. But during his supervised release revocation proceedings, the district court applied SORA's current version to McGee, imposing a ten-year minimum registration requirement. Cal. Penal Code § 290.008(d)(2).

SORA's effects are not sufficiently punitive to negate the California legislature's intent to create a civil regulatory scheme. *See Smith v. Doe*, 538 U.S. 84, 105–06 (2003) (holding that a similar state sex offender registration statute was not punitive and did not violate the *Ex Post Facto* Clause). Furthermore, applying SORA to juveniles does not necessarily change the outcome, as we have upheld retroactively applying the federal Sex Offender Registration and Notification Act ("SORNA") to an individual's pre-SORNA state juvenile conviction. *See United States v. Elkins*, 683 F.3d 1039, 1049 (9th Cir. 2012).

3. The district court did not violate McGee's due process rights in admitting a purportedly hearsay document. In supervised release revocation proceedings, releasees have a due process confrontation right, which may be violated by admitting hearsay evidence. *See United States v. Comito*, 177 F.3d 1166, 1170 (9th Cir. 1999). Courts often weigh this right against "the importance of the evidence to the court's finding, the releasee's opportunity to refute the evidence, and the consequences of the court's finding," and consider "the difficulty and expense of procuring witnesses, and the traditional indicia of reliability borne by the evidence." *United States v. Walker*, 117 F.3d 417, 420 (9th Cir. 1997) (cleaned up).

The document in question, a record from a mental health treatment center notifying U.S. Probation that McGee had missed a mental health appointment, likely falls under the business records and public records hearsay exceptions, thus bearing indicia of reliability. *See* Fed. R. Evid. 803(6), (8); *Valdivia v. Schwarzenegger*, 599 F.3d 984, 990 (9th Cir. 2010). Moreover, the district court did not "exclusively rel[y]" on the document but also heard testimony from an officer whom McGee had an opportunity to confront. *Cf. United States v. Martin*, 984 F.2d 308, 311 (9th Cir. 1993) (finding "nearly complete denial of *any* confrontation" where the district court "exclusively relied" on lab results).

**AFFIRMED**.