**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee*,

v.

JUSTIN ALLAN RICHARDSON,
        *Defendant-Appellant*.

No. 11-10346

D.C. No.
3:10-cr-00087-
ECR-VPC-1

OPINION

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, Jr., Senior District Judge, Presiding

Argued and Submitted
April 16, 2012—San Francisco, California
Submission Vacated May 4, 2012
Resubmitted June 11, 2014

Filed June 19, 2014

Before: Stephen Reinhardt and Mary H. Murguia, Circuit
Judges, and David A. Ezra, District Judge.[*]

Per Curiam Opinion

---

[*] The Honorable David A. Ezra, District Judge for the U.S. District
Court for the District of Hawaii, sitting by designation.

**SUMMARY**[**]

**Criminal Law**

Affirming a conviction for violating the registration requirements of the Sex Offender Registration and Notification Act, the panel held that (1) SORNA's delegation of authority to the Attorney General to determine the applicability of SORNA's registration requirements to pre-SORNA sex offenders is consistent with the requirements of the non-delegation doctrine; and (2) SORNA does not violate the Tenth Amendment's anti-commandeering principle.

The panel wrote that the defendant's arguments that SORNA's registration requirements violate the Commerce Clause and the *Ex Post Facto* Clause are foreclosed in this circuit.

The panel resolved a sentencing issue in a concurrently-filed memorandum disposition.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Dan C. Maloney (argued), Research & Writing Attorney, Ramon Acosta, Assistant Federal Public Defender, Renee L. Valladares, Federal Public Defender, Reno, Nevada, for Defendant-Appellant.

Elizabeth A. Olson (argued), Assistant United States Attorney, Robert L. Ellman, Appellate Chief, Daniel G. Bogden, United States Attorney, District of Nevada, Reno, Nevada, for Plaintiff-Appellee.

## OPINION

PER CURIAM:

Justin Allan Richardson appeals his conviction and sentence for violating the registration requirements of the Sex Offender Registration and Notification Act ("SORNA"). He raises several constitutional challenges to SORNA and argues that the district court erred in calculating his criminal history. We affirm.[1]

## BACKGROUND

In 1994, Richardson was convicted of lewd and lascivious acts with a child in a California state court and ordered to register as a sex offender. On July 21, 2010, a federal grand jury indicted Richardson for failing to register as a sex offender as required by SORNA. Richardson moved to

---

[1] We consider and resolve the sentencing issue in a memorandum disposition filed concurrently herewith.

dismiss the indictment, arguing that SORNA is unconstitutional because it violates the non-delegation doctrine, the Tenth Amendment, the Commerce Clause, and the *Ex Post Facto* Clause. The district court denied Richardson's motion, and he subsequently pled guilty to the single-count indictment without a plea agreement. However, Richardson objected to the Presentence Investigation Report's assessment of one criminal history point for a 2000 misdemeanor conviction that resulted in a sentence of time served. Richardson argued that he was not represented by counsel during that proceeding. The district court overruled his objection and sentenced him to twenty-seven months' imprisonment. Richardson appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## DISCUSSION

Richardson argues that SORNA is unconstitutional on the grounds that it violates the non-delegation doctrine, the Tenth Amendment, the Commerce Clause, and the *Ex Post Facto* Clause. We reject each of these arguments.

### I.  Non-Delegation Doctrine

Richardson argues that SORNA's provisions allowing the Attorney General to determine the applicability of its registration requirements to pre-SORNA sex offenders violate the non-delegation doctrine, which prohibits Congress from "delegat[ing] its legislative power to another branch of government." *Touby v. United States*, 500 U.S. 160, 165 (1991). Three years ago, we summarized the origins, history, and requirements of the non-delegation doctrine:

The Supreme Court has only twice invalidated legislation under this doctrine, the last time being seventy-five years ago. Article I, § 1 of the Constitution provides that "[a]ll legislative Powers herein granted shall be vested in a Congress of the United States." In practice, of course, Congress delegates authority frequently. The relevant question is how, when, and under what circumstances Congress may delegate its authority. The Supreme Court's answer: "[W]hen Congress confers decisionmaking authority upon agencies Congress must lay down by legislative act an intelligible principle to which the person or body authorized to act is directed to conform." *Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 472 (2001) (emphasis and internal quotation marks omitted). "Only if [a court] could say that there is an absence of standards for the guidance of the Administrator's action, so that it would be impossible in a proper proceeding to ascertain whether the will of Congress has been obeyed, would [it] be justified in overriding its choice of means for effecting its declared purpose. . . ." *Yakus v. United States*, 321 U.S. 414, 426 (1944). In applying the intelligible principle test to congressional delegations, the Supreme Court "has been driven by a practical understanding that in our increasingly complex society, replete with ever changing and more technical problems, Congress simply cannot do its job absent an ability to delegate power under broad general

directives." *Mistretta [v. United States*, 488 U.S. 361, 372 (1989)].

*Hepting v. AT & T Corp. (In re Nat'l Sec. Agency Telecommunications Records Litig.)*, 671 F.3d 881, 895–96 (9th Cir. 2011) (alterations in original).

Richardson's specific contention is that Congress violated the non-delegation doctrine when it delegated its authority to the Attorney General to determine the applicability of SORNA's registration requirements to pre-SORNA sex offenders. *See* 42 U.S.C. § 16913(d). Every court of appeals to have considered the question has concluded that Congress did not violate the Constitution when it delegated this implementation authority to the Attorney General. *See, e.g.*, *United States v. Cooper*, No. 13-2324, 2014 WL 1386816, at *8 (3d Cir. Apr. 10, 2014) ("Applying the intelligible principle test, we conclude that Congress did not violate the nondelegation doctrine in delegating responsibility to the Attorney General to determine the applicability of SORNA's registration requirements for pre-Act offenders in 42 U.S.C. § 16913(d). In enacting SORNA, Congress laid out the general policy, the public agency to apply this policy, and the boundaries of the delegated authority. This is all that is required under the modern nondelegation jurisprudence."); *United States v. Goodwin*, 717 F.3d 511, 516 (7th Cir. 2013) ("SORNA directs the Attorney General to exercise his discretion in a manner consistent with the intelligible principle of 'protecting the public' from sex offenders and establishing a 'comprehensive' registry; the statute identifies the Attorney General as the official to exercise this delegated authority; and the Attorney General's authority is narrowly restricted to determining the applicability of SORNA to offenders whose crimes predate the statute's enactment.");

*United States v. Whaley*, 577 F.3d 254, 263–64 (5th Cir. 2009) ("SORNA's statement of purpose, to 'establish[ ] a comprehensive national system' of sex offender registration to 'protect the public from sex offenders and offenders against children,' 42 U.S.C. § 16901, is an intelligible principle that guides the Attorney General in exercising his discretion." (alteration in original)).[2]  We are persuaded by

---

[2] *See also United States v. Fernandez*, 710 F.3d 847, 850 (8th Cir. 2013) ("SORNA's relatively narrow delegation of authority to the Attorney General is guided by an intelligible principle and is consistent with the requirements of the nondelegation doctrine."); *United States v. Felts*, 674 F.3d 599, 606 (6th Cir. 2012) ("Congress's delegations under SORNA possess a suitable 'intelligible principle' and are "well within the outer limits of [the Supreme Court's] nondelegation precedents." (alteration in original)); *United States v. Guzman*, 591 F.3d 83, 93 (2d Cir. 2010) ("The Attorney General's authority under SORNA is highly circumscribed. SORNA includes specific provisions delineating what crimes require registration, 42 U.S.C. § 16911; where, when, and how an offender must register, *id.* § 16913; what information is required of registrants, *id.* § 16914; and the elements and penalties for the federal crime of failure to register, 18 U.S.C. § 2250. If § 16913(d) gives the Attorney General the power to determine SORNA's 'retroactivity,' it does so only with respect to the limited class of individuals who were convicted of covered sex offenses prior to SORNA's enactment; the Attorney General cannot do much more than simply determine whether or not SORNA applies to those individuals and how they might comply as a logistical matter. If, on the other hand, § 16913(d) gives the Attorney General the authority only to *implement* SORNA with respect to all sex offenders, whether or not they were convicted pre-enactment, then the scope of that authority is even more circumscribed. The Supreme Court has upheld much broader delegations than these." (citations omitted)); *United States v. Ambert*, 561 F.3d 1202, 1213–14 (11th Cir. 2009) ("We are satisfied that Congress has provided the Attorney General with 'intelligible principles' in the Sex Offender Registration and Notification Act. Congress has undeniably provided the Attorney General with a policy framework in § 16901 to guide his exercise of discretion under § 16913(d); and it has made a series of legislative judgments in §§ 16911, 16913, 16914 and 2250 that

the reasoning of our colleagues in these other circuits and adopt it as our own. Accordingly, we hold that SORNA's delegation of authority to the Attorney General to determine the applicability of SORNA's registration requirements to pre-SORNA sex offenders is consistent with the requirements of the non-delegation doctrine.

## II. Tenth Amendment

Richardson next argues that SORNA violates the Tenth Amendment. He contends that SORNA unlawfully forces states and state officials to create sex offender registries that meet federal standards and to comply with SORNA's many other complex and onerous requirements. In other words, he argues that SORNA violates the Tenth Amendment's anti-commandeering principle. *See generally Printz v. United States*, 521 U.S. 898, 935 (1997).

Again, we join every other court of appeals that has considered the question in holding that SORNA does not violate the Tenth Amendment's anti-commandeering principle and adopt the other circuits' reasoning for doing so. *See United States v. Felt*, 674 F.3d 599, 606–08 (6th Cir. 2012); *United States v. Johnson*, 632 F.3d 912, 920 (5th Cir. 2011); *Kennedy v. Allera*, 612 F.3d 261, 269 (4th Cir. 2010). SORNA does not compel states or state officials to comply with its requirements; rather, Congress engaged in a constitutionally valid exercise of its spending power by conditioning the receipt of certain federal funds on the implementation of SORNA. *See* 42 U.S.C. §§ 16924, 16925(a); *Felts*, 674 F.3d at 608 ("Congress through SORNA

constrict the Attorney General's discretion to a narrow and defined category.").

has not commandeered Tennessee, nor compelled the state to comply with its requirements. Congress has simply placed conditions on the receipt of federal funds. A state is free to keep its existing sex-offender registry in place (and risk losing funding) or adhere to SORNA's requirements (and maintain funding)."); *Johnson*, 632 F.3d at 920 ("While SORNA orders sex offenders traveling interstate to register and keep their registration current, SORNA does not *require* the States to comply with its directives. Instead, the statute allows jurisdictions to decide whether to implement its provisions or lose ten percent of their federal funding otherwise allocated for criminal justice assistance." (citations omitted)); *Kennedy*, 612 F.3d at 269 ("[W]hile SORNA imposes a duty *on the sex offender* to register, it nowhere imposes a requirement *on the State* to accept such registration."). Accordingly, Richardson's Tenth Amendment challenge fails.

## III.    Commerce Clause and *Ex Post Facto* Clause

Finally, Richardson argues that SORNA's registration requirements violate the Commerce Clause and *Ex Post Facto* Clause. These challenges are foreclosed in this circuit. *See United States v. Cabrera-Gutierrez*, No. 12-30233, 2014 WL 998173, at \*3 (9th Cir. Mar. 17, 2014) (Commerce Clause); *United States v. Shoulder*, 738 F.3d 948, 954 (9th Cir. 2013) (*Ex Post Facto* Clause challenge to the SORNA registration requirements); *United States v. Elkins*, 683 F.3d 1039, 1045 (9th Cir. 2012) (same). We therefore reject them.

**CONCLUSION**

We hold that Richardson's non-delegation doctrine, Tenth Amendment, Commerce Clause, and *Ex Post Facto* Clause challenges to SORNA fail.

**AFFIRMED.**