**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RUSSELL ALLEN CLINGER,

Defendant - Appellant.

No. 12-30084

D.C. No. 2:11-cr-00098-WFN

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, District Judge, Presiding

Submitted September 23, 2014[**]

Before:    W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

Russell Allen Clinger appeals his guilty-plea conviction for failure to

register as a sex offender under the Sex Offender Registration and Notification Act

("SORNA"), in violation of 18 U.S.C. § 2250(a).  Clinger challenges the district

court's denial of his motion to dismiss the indictment.  We have jurisdiction under

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review de novo, *see United States v. Cabrera-Gutierrez*, 756 F.3d 1125, 1129 (9th Cir. 2014), and we affirm, but remand to correct the judgment.

Clinger first contends that his conviction violated due process because he had no notice of his obligation to register under SORNA. This claim fails because Clinger admitted that he was advised of his duty to register under Washington law. *See United States v. Elkins*, 683 F.3d 1039, 1050 (9th Cir. 2012).

Clinger next contends that SORNA violates the non-delegation doctrine because it allows the Attorney General to legislate SORNA's retroactive application. This contention is foreclosed. *See United States v. Richardson*, 754 F.3d 1143, 1146 (9th Cir. 2014) (per curiam) ("SORNA's delegation of authority to the Attorney General to determine the applicability of SORNA's registration requirements to pre-SORNA sex offenders is consistent with the requirements of the non-delegation doctrine.").

Finally, Clinger contends that Congress did not have the power to enact SORNA. This contention is also foreclosed. *See Cabrera-Gutierrez*, 756 F.3d at 1129-32 (Congress had the power under the Commerce and Necessary and Proper Clauses to enact SORNA and its registration requirement).

We remand the case to the district court with instructions to amend the

judgment to read 18 U.S.C. § 2250(a).

**AFFIRMED; REMANDED to correct the judgment.**

12-30084