**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>BRENT ALLEN PIEARCY,<br><br>Defendant - Appellant. | No. 11-30361<br><br>D.C. No. 3:11-cr-05196-RJB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted September 23, 2014[**]

Before: W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

Brent Allen Piearcy appeals his guilty-plea conviction for failure to register

and update his sex offender registration under the Sex Offender Registration and

Notification Act ("SORNA"), in violation of 18 U.S.C. § 2250(a). Piearcy

challenges the district court's denial of his motions to dismiss the indictment. We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *see United States v. Cabrera-Gutierrez*, 756 F.3d 1125, 1129 (9th Cir. 2014), and we affirm.

Piearcy first contends that SORNA violates the non-delegation doctrine because it allows the Attorney General to legislate SORNA's retroactive application.  This contention is foreclosed.  *See United States v. Richardson*, 754 F.3d 1143, 1146 (9th Cir. 2014) (per curiam) ("SORNA's delegation of authority to the Attorney General to determine the applicability of SORNA's registration requirements to pre-SORNA sex offenders is consistent with the requirements of the non-delegation doctrine.").

Piearcy next contends that Congress did not have the power to enact SORNA.  This contention is also foreclosed.  *See Cabrera-Gutierrez*, 756 F.3d at 1129-32 (Congress had the power under the Commerce and Necessary and Proper Clauses to enact SORNA and its registration requirement).

Finally, Piearcy contends that imposing SORNA's registration requirements on pre-SORNA offenders like him violates the Ex Post Facto Clause.  This contention is foreclosed by *United States v. Elk Shoulder*, 738 F.3d 948, 953-54 (9th Cir. 2013), cert. denied, 134 S. Ct. 1920 (2014).

**AFFIRMED.**