**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 24 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30349 |
| Plaintiff - Appellee, | D.C. No. 6:12-cr-00016-DWM-1 |
| v. | |
| SCOTT ARTHUR PARENT, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, Senior District Judge, Presiding

Submitted November 18, 2014[**]
Portland, Oregon

Before: CLIFTON, M. SMITH, and HURWITZ, Circuit Judges.

Scott Parent appeals his conviction for violating the Sex Offender Registration

Notification Act ("SORNA"), 18 U.S.C. § 2250(a)(1)(2)(B), (3). He also challenges

his classification as a Tier III sex offender for the purposes of sentencing, and the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denial of a motion to certify a question to the Oregon Supreme Court. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

1.　　We have previously rejected Parent's argument that SORNA's delegation of authority to the Attorney General violates the separation of powers doctrine. *United States v. Richardson*, 754 F.3d 1143, 1145-46 (9th Cir. 2014); *United States v. Elkins*, 683 F.3d 1039, 1045 (9th Cir. 2012).

2.　　The district court properly determined that Parent's conviction for attempted rape in the first degree under Oregon Revised Statutes §§ 163.375, 161.405, is "comparable to" attempted sexual abuse under 18 U.S.C. § 2242, a Tier III offense under 42 U.S.C. § 16911 and the United States Sentencing Guidelines Manual § 2A3.5. *See United States v. Cabrera-Gutierrez*, 756 F.3d 1125, 1133 (9th Cir. 2014) (requiring use of the categorical approach described in *Taylor v. United States*, 495 U.S. 575 (1990), and *Descamps v. United States*, 133 S. Ct. 2276 (2013) in making such determinations).

3.　　The district court did not abuse its discretion in denying Parent's motion to certify a question to the Oregon Supreme Court because the answer would not have been "determinative of" this SORNA case, as required by Oregon law. Or. Rev. Stat. § 28.200; *W. Helicopter Servs., Inc. v. Rogerson Aircraft Corp.*, 811 P.2d 627, 630 (Or. 1991).

**AFFIRMED.**