**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30105 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-05428-BHS |
| v. | |
| JAMES LEROY CARTER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted November 18, 2014[**]

Before:    LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

James Leroy Carter appeals from the district court's judgment and
challenges his guilty-plea conviction for failure to register and update his sex
offender registration under the Sex Offender Registration and Notification Act
("SORNA"), in violation of 18 U.S.C. § 2250(a).  We have jurisdiction under 28

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291.  We review Carter's challenge to the district court's denial of his motion to dismiss the indictment de novo, *see United States v. Cabrera-Gutierrez*, 756 F.3d 1125, 1129 (9th Cir. 2014), *cert. denied*, 135 S. Ct. 124 (2014), and we affirm.

Carter contends that Congress violated the non-delegation doctrine because it allows the Attorney General authority to legislate SORNA's retroactive application.  This contention is foreclosed.  *See United States v. Richardson*, 754 F.3d 1143, 1146 (9th Cir. 2014) (per curiam) ("SORNA's delegation of authority to the Attorney General to determine the applicability of SORNA's registration requirements to pre-SORNA sex offenders is consistent with the requirements of the non-delegation doctrine.").

**AFFIRMED.**

12-30105