**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30288 |
| Plaintiff - Appellee, | D.C. No. 9:11-cr-00014-DWM |
| v. | |
| ERVIN JOSEPH RAMON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted November 18, 2014[**]

Before:    LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Ervin Joseph Ramon appeals from the district court's judgment imposed

following his guilty-plea conviction for failure to register as a sex offender under

the Sex Offender Registration and Notification Act ("SORNA" or "the Act"), in

violation of 18 U.S.C. § 2250(a).  Ramon challenges the district court's denial of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

his motion to dismiss the indictment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *see United States v. Cabrera-Gutierrez*, 756 F.3d 1125, 1129 (9th Cir.), *cert. denied*, 135 S. Ct. 124 (2014), and we affirm.

Ramon first contends that SORNA violates the non-delegation doctrine because it allows the Attorney General to legislate SORNA's retroactive application. This claim is foreclosed. *See United States v. Richardson*, 754 F.3d 1143, 1146 (9th Cir. 2014) (per curiam). Ramon's suggestion that the delegation was not effective because the Attorney General did not promulgate notice rules for pre-Act offenders is unpersuasive. Nothing in the Act indicates that the Attorney General's power to declare the Act retroactive was contingent on the promulgation of notice rules. *See* 42 U.S.C. § 16913(d). Moreover, the final guidelines issued by the Attorney General concerning the retroactivity determination contained notice rules for pre-Act offenders. *See* 73 Fed. Reg. 38030, 38063-64 (July 2, 2008).

Ramon next contends that the government was required to plead and prove that he had actual notice of SORNA's registration requirements. This claim is also foreclosed. *See United States v. Elkins*, 683 F.3d 1039, 1049-50 (9th Cir. 2012).

Finally, Ramon contends that SORNA did not require him to register in Montana until Montana had implemented a SORNA-compliant registry because it

was impossible for him to register "as required by" SORNA until Montana had done so. This argument, too, has been rejected by this court. *See United States v. Elk Shoulder*, 738 F.3d 948, 955 (9th Cir. 2013), *cert. denied*, 134 S. Ct. 1920 (2014) ("Because Elk Shoulder could have registered with the State of Montana's registry, and because this would have allowed him to register 'as required by' SORNA, it was not impossible for Elk Shoulder to meet the requirements of § 2250(a).").

**AFFIRMED.**