NOT FOR PUBLICATION

FILED

NOV 24 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30295 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-05537-BHS |
| v. | |
| CHRISTOPHER C. PRESTON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted November 18, 2014[**]

Before:    LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Christopher C. Preston appeals from the district court's judgment and

challenges his guilty-plea conviction for failure to register and update his sex

offender registration under the Sex Offender Registration and Notification Act

("SORNA" or "the Act"), in violation of 18 U.S.C. § 2250(a).  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291.  We review Preston's challenge to the district court's denial of his motion to dismiss the indictment de novo, *see United States v. Cabrera-Gutierrez*, 756 F.3d 1125, 1129 (9th Cir. 2014), *cert. denied*, 135 S. Ct. 124 (2014), and we affirm.

Preston first contends that Congress violated the non-delegation doctrine because it allows the Attorney General to legislate SORNA's retroactive application.  This contention is foreclosed.  *See United States v. Richardson*, 754 F.3d 1143, 1146 (9th Cir. 2014) (per curiam) ("SORNA's delegation of authority to the Attorney General to determine the applicability of SORNA's registration requirements to pre-SORNA sex offenders is consistent with the requirements of the non-delegation doctrine.").

Preston next contends that Congress lacked the authority under the Commerce Clause to enact SORNA and to compel his registration under the Act.  This contention is also foreclosed.  *See Cabrera-Gutierrez*, 756 F.3d at 1129-32 (Congress had the power under the Commerce Clause to enact SORNA and its registration requirements).

Lastly, as Preston concedes, the application of SORNA's registration requirements to pre-Act offenders does not violate the Ex Post Facto Clause.  *See United States v. Elkins*, 683 F.3d 1039, 1045 (9th Cir. 2012).

**AFFIRMED.**