FILED
United States Court of Appeals
Tenth Circuit

March 6, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

FELIPE RANGEL-HERNANDEZ, a/k/a
Felipe Hernandez,

     Defendant-Appellant.

No. 14-7056

(D.C. No. 6:14-CR-00007-JHP-1)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **TYMKOVICH**, Circuit Judges.[**]
_____

Law enforcement officers arrested Defendant Felipe Rangel-Hernandez, an illegal

alien, at his ex-wife's house based on an outstanding bench-warrant and a threatening

voicemail he left on his ex-brother-in-law's phone. The officers located two rifles in the

bedroom where Defendant was sleeping and corresponding ammunition in his personal

luggage. Based on these guns and ammunition, a grand jury charged Defendant with,

among other things, one count of being an illegal alien in possession of firearms, in

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously
to grant the parties' request for a decision on the briefs without oral argument. See Fed.
R. App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without
oral argument.

violation of 18 U.S.C. § 922(g)(5)(A). Defendant argued before the district court that § 922(g)(5) is unconstitutional, both facially and as applied to him. The district court rejected both of these arguments. Thereafter, Defendant entered an unconditional guilty plea to the § 922(g)(5) violation and the district court sentenced him to six months' imprisonment (time served) followed by a three-year term of supervised release.

Defendant now appeals, renewing his facial challenge to § 922(g)(5).[1] The government argues in response that Defendant waived this argument by his unconditional guilty plea and, in any event, that § 922(g)(5) is constitutional. "We have not yet squarely addressed whether a facial challenge to the constitutionality of a statute survives a guilty plea." United States v. Rickett, 535 F. App'x 668, 671 (10th Cir. 2013) (unpublished). But cf. United States v. De Vaughn, 694 F.3d 1141, 1154 (10th Cir. 2012) (holding in the context of an as-applied challenge that "[w]hen a defendant admits guilt of a substantive crime, he cannot reverse course on appeal and claim the criminal statute is unconstitutional"). Indeed, our sister circuits have split on the issue. See Rickett, 535 F. App'x at 671 (collecting cases).

We need not decide this waiver issue now, however. Even assuming Defendant's facial challenge to the constitutionality of § 922(g)(5) survived his guilty plea, Defendant concedes that binding precedent of this Court forecloses relief on his claim. He only

_____

[1] Defendant appears to have abandoned his as-applied challenge on appeal, and for good reason. Our precedent clearly holds that a voluntary and intelligent guilty plea waives as-applied constitutional challenges, unless expressly reserved. United States v. De Vaughn, 694 F.3d 1141, 1150, 1153–54 (10th Cir. 2012); United States v. Fox, 573 F.3d 1050, 1052 n.1 (10th Cir. 2009).

raises this claim to preserve his ability to pursue it in the Supreme Court. Indeed, "We are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court." In re Smith, 10 F.3d 723, 724 (10th Cir. 1993). Moreover, in United States v. Huitron-Guizar, 678 F.3d 1164 (10th Cir. 2012), we held that "§ 922(g)(5) withstands Mr. Huitron–Guizar's Second Amendment and Equal Protection challenges." Id. at 1170. Defendant does not attempt to distinguish his challenge from the challenge brought in Huitron-Guizar and neither Defendant nor our independent research has revealed any superseding decisions that call Huitron-Guizar into question.

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge