**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**October 27, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOSEPH KEEGAN HAAS,

    Defendant - Appellant.

No. 22-5054
(D.C. No. 4:21-CR-00160-CVE-1)
(N.D. Okla.)

_____

## ORDER AND JUDGMENT[*]

_____

Before **BACHARACH**, **EID**, and **CARSON**, Circuit Judges.

_____

    Joseph Keegan Haas pleaded guilty to one count of possession of a firearm and ammunition while subject to a protective order, in violation of 18 U.S.C. §§ 922(g)(8) and 924(a)(2) (Count 1), and one count of assault by striking, beating, and wounding, in violation of 18 U.S.C. §§ 1151, 1152, and 113(a)(4) (Count 2). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties stipulated that Mr. Haas should be sentenced in the range of 24 to 96 months of imprisonment. The district court sentenced Mr. Haas in the stipulated range:  36 months on Count 1 and 12 months on Count 2, to run concurrently.  In his plea agreement, Mr. Haas

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

waived his right to appeal his conviction and sentence, unless his sentence exceeded the statutory maximum. Although his sentence did not exceed the statutory maximum for either charge, he filed an appeal. The government has moved to enforce the appeal waiver in the plea agreement under *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc). We grant the government's motion and dismiss the appeal.

## I. Discussion

Under *Hahn*, we consider the following three factors when deciding a motion to enforce an appeal waiver in a plea agreement: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice[.]" *Id.* at 1325. Mr. Haas argues his appeal does not fall within the scope of the waiver and enforcing the waiver would result in a miscarriage of justice. He does not assert his waiver was not knowing and voluntary, so we need not address that factor. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005).

### A. *Scope of the Waiver*

In his response to the motion to enforce, Mr. Haas contends his appeal is not subject to the appeal waiver "because his principal claim on appeal concerns the facial constitutionality of 18 U.S.C. § 922(g)(8) following the Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022)." Resp. at 2. He maintains that "[t]he criminal statute under which [he] was convicted,

and which was the sole basis for his three-year prison sentence, is fundamentally unconstitutional in violation of the Second Amendment." *Id.* Because the statute of conviction is unconstitutional, he argues, any sentence imposed for a conviction under that statute "exceeds the statutory maximum[]." *Id.* And because he reserved the right to appeal a sentence that exceeds the statutory maximum, he asserts that his appeal is outside the scope of the waiver.

The problem is that Mr. Haas's argument, though phrased in terms of an unlawful *sentence*, is really that his *conviction* is unlawful. But his appeal waiver bars any appeal of his conviction, and there are no exceptions to that portion of the appeal waiver. *See* R., vol. 1 at 49 ("The defendant waives the right to directly appeal the conviction . . . pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a)."). Mr. Haas's challenge to the constitutionality of § 922(g)(8), even if couched as a derivative challenge to his sentence, is a challenge to his conviction that is covered by the scope of his appeal waiver.

Section 922(g)(8) has not been deemed unconstitutional.[1] Mr. Haas thus pleaded guilty to violating a valid statute, and his three-year sentence is far below the

---

[1] *Bruen* did not address the constitutionality of § 922(g)(8), and no court has found § 922(g)(8) unconstitutional since *Bruen*. In *Bruen*, the Court held "the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home" and it concluded that New York's public-carry licensing regime was unconstitutional because the State would only issue licenses "when an applicant demonstrate[d] a special need for self-defense." 142 S. Ct. at 2122. The Court also set forth a new test for assessing the constitutionality of a statute under the Second Amendment. *See id.* at 2125-26, 2129-30.

In his response, Mr. Haas cites to an unpublished district court case, *United States v. Kays*, No. CR-22-40-D, 2022 WL 3718519 (W.D. Okla. Aug. 29,

ten-year statutory maximum. His appeal therefore does not fall within the exception in his appeal waiver for a sentence that exceeds the statutory maximum.

B. *Miscarriage of Justice*

In *Hahn*, we held that enforcement of an appeal waiver does not result in a miscarriage of justice except: "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." 359 F.3d at 1327 (internal quotation marks omitted).

Mr. Haas contends that enforcing his appeal waiver would result in a miscarriage of justice because his sentence exceeds the statutory maximum and his waiver is otherwise unlawful. As we discussed above, Mr. Haas's sentence does not exceed the statutory maximum. He also has not demonstrated that his waiver is otherwise unlawful.

Although he "recognizes that the 'otherwise unlawful' exception focuses on 'whether the waiver is otherwise unlawful . . . not [on] whether another aspect of the proceeding may have involved legal error,'" Resp. at 5 (quoting *United States v. Smith*, 500 F.3d 1206, 1213 (10th Cir. 2007)), Mr. Haas contends that "the facial

---

2022), to suggest that § 922(g)(8) is no longer constitutional after the Supreme Court abrogated the test this court had previously used for determining the constitutionality of that statute. But in *Kays*, the district court applied *Bruen*'s new test and rejected the movant's argument that § 922(g)(8) violates the Second Amendment. *See* 2022 WL 3718519, at *3-4.

unconstitutionality of section 922(g)(8) is that category of defect," *id.* at 6. But it is not clear how his proposed appellate argument challenging the facial constitutionality of § 922(g)(8) demonstrates that the appeal waiver in his plea agreement is otherwise unlawful.

He asserts that "[u]nder the Second Amendment, as the Supreme Court has now clarified, the government had no authority to seek a plea agreement on these terms, nor the district court to accept it." *Id.* This argument fails, however, because it presumes the statute was unconstitutional when the parties entered into the plea agreement. But *Bruen* was not issued until six months after the parties entered into the plea agreement, and it did not address the constitutionality of § 922(g)(8) in any event. Mr. Haas's belief that § 922(g)(8) is now unconstitutional does not make it so nor does it mean it was invalid when he pleaded guilty. Because § 922(g)(8) is a valid statute, it did not present an impediment to the parties entering into the plea agreement or to Mr. Haas waiving his appellate rights.

Mr. Haas next suggests that entering a guilty plea does not waive the right to bring a facial challenge to the constitutionality of a statute, citing two unpublished cases. *See id.* at 6-7 (citing *United States v. Rickett*, 535 F. App'x 668 (10th Cir. 2013), and *United States v. Rangel-Hernandez*, 597 F. App'x 553 (10th Cir. 2015)). But neither of those cases held that a facial constitutional challenge survives a guilty plea. *See Rickett*, 535 F. App'x at 671, 672 n.3 (explaining this court has "not yet squarely addressed whether a facial challenge to the constitutionality of a statute survives a guilty plea," and declining to decide the

issue); *Rangel-Hernandez*, 597 F. App'x at 554 (same). And neither of those cases involved a situation where the government was attempting to enforce an appeal waiver in a plea agreement. In *Rangel-Hernandez*, the defendant had not entered into a plea agreement—he had entered an unconditional guilty plea, 597 F. App'x at 554, so there was no appeal waiver to enforce. In *Rickett*, we explained that the defendant would normally be bound by the terms of the appellate waiver in his plea agreement and "would not be free to present his [constitutional] claim to us." 535 F. App'x at 672. But in that case, the government explicitly waived the right to enforce the appeal waiver. *Id.* Mr. Haas has not cited any authority—and we are not aware of any—supporting his argument that a facial constitutional challenge to a statute of conviction renders the appeal waiver in a plea agreement otherwise unlawful under the miscarriage-of-justice exception.

At the end of the day, Mr. Haas is simply trying to avoid the enforcement of his appeal waiver because there has been a subsequent change in the law that he believes is favorable to him. But "Supreme Court precedent is quite explicit that as part of a plea agreement, criminal defendants may waive both rights in existence and those that result from unanticipated later judicial determinations." *Porter*, 405 F.3d at 1144. And we have explained:

> The essence of plea agreements . . . is that they represent a bargained-for understanding between the government and criminal defendants in which each side foregoes certain rights and assumes certain risks in exchange for a degree of certainty as to the outcome of criminal matters. One such risk is a favorable change in the law. To allow defendants or the government to routinely invalidate plea agreements based on subsequent changes in the law would decrease the prospects of reaching an agreement in the first

6

place, an undesirable outcome given the importance of plea bargaining to the criminal justice system.

*Id.* at 1145.

II. Conclusion

Mr. Haas has failed to show that his appeal is outside the scope of his appeal waiver or that enforcing his appeal waiver would result in a miscarriage of justice. Accordingly, we grant the government's motion to enforce the appeal waiver and dismiss this appeal.

Entered for the Court
Per Curiam
