**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

<table>
<tr><td>

DAVID BERNARD CLARK,
        *Petitioner-Appellant*,

v.

CHARLES L. RYAN, Director of
the Arizona Department of
Corrections,
        *Respondent-Appellee.*

</td><td>

No. 15-15531

D.C. No.
4:13-cv-00129-JAS

OPINION

</td></tr>
</table>

Appeal from the United States District Court
for the District of Arizona
James Alan Soto, District Judge, Presiding

Argued and Submitted August 12, 2016
San Francisco, California

Filed September 2, 2016

Before: Michael Daly Hawkins and Susan P. Graber,
Circuit Judges, and James V. Selna,[*] District Judge.

Opinion by Judge Graber

---

[*] The Honorable James V. Selna, United States District Judge for the
Central District of California, sitting by designation.

## SUMMARY[**]

### Habeas Corpus

Affirming the district court's denial of a habeas corpus petition, the panel held that the Arizona Court of Appeals' decision that Arizona's modern sex offender registration statute is not an ex post facto law is neither contrary to, nor an unreasonable application of, the Supreme Court's decision in *Smith v. Doe I*, 538 U.S. 84 (2003).

### COUNSEL

Sandra L. Slaton (argued) and Kristin Roebuck, Horne Slaton PLLC, Scottsdale, Arizona, for Petitioner-Appellant.

Andrew S. Reilly (argued), Assistant Attorney General, Capital Litigation Section; Lacey Stover Gard, Chief Counsel; Mark Brnovich, Attorney General; Office of the Attorney General, Phoenix, Arizona; for Respondent-Appellee.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## OPINION

GRABER, Circuit Judge:

Petitioner David Bernard Clark appeals the district court's denial of his petition for writ of habeas corpus. Petitioner contends that an Arizona Court of Appeals' decision that Arizona's modern sex offender registration statute, Ariz. Rev. Stat. § 13-3821, is not an ex post facto law is both contrary to and involves an unreasonable application of clearly established federal law. Reviewing the district court's decision de novo, *Pollard v. White*, 119 F.3d 1430, 1433 (9th Cir. 1997), we affirm.

In 1982, Petitioner pleaded guilty to sexual misconduct, a Class 2 felony in Arizona, arising from an incident in which he engaged in sex with a fourteen-year-old, which is below the legal age of consent, when he was eighteen years old. As punishment, he received and completed a four-year term of probation. Arizona enacted its modern sex offender registration statute in 1983, Ariz. Rev. Stat. § 13-3821, requiring Petitioner to register as a sex offender because of his prior conviction for sexual misconduct. *See State v. Henry*, 228 P.3d 900, 904 (Ariz. Ct. App. 2010) (noting that, between 1978 and 1983, Arizona was without a sex offender registration statute).

In December 2009, Petitioner was arrested in Cochise County, Arizona, for failing to comply with the statute. In January 2010, he pleaded guilty to a charge of failure to register as a sex offender, a Class 4 felony, and was sentenced to a stipulated prison term of three and one-half years. Petitioner filed a petition for post-conviction relief with the state trial court, arguing that his conviction violated the Ex

Post Facto Clause of the United States Constitution. The state trial court rejected that claim on the merits, relying on *Henry*, 228 P.3d at 908. In *Henry*, the Arizona Court of Appeals held that Arizona Revised Statute section 13-3821 did not violate the right against ex post facto punishment protected by the United States or the Arizona Constitution. *Id.* *Henry* applied the United States Supreme Court's decision in *Smith v. Doe I*, 538 U.S. 84 (2003), which upheld Alaska's sex offender registration statute against an ex post facto challenge. *Henry*, 228 P.3d at 906–08. In Petitioner's case, the Arizona Court of Appeals followed *Henry* to hold that Petitioner's conviction was not an ex post facto violation. Petitioner appealed that decision to the Arizona Supreme Court, which denied review.

Petitioner then filed a federal petition for writ of habeas corpus. The district court denied the petition, holding that the state court did not apply *Smith* unreasonably to the facts of this case.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas relief is available if the last reasoned state court decision—here, the decision of the Arizona Court of Appeals—was contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1). "A state court's decision can involve an 'unreasonable application' of Federal law if it either 1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or 2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable." *Hernandez v. Small*, 282 F.3d 1132, 1142 (9th Cir. 2002); *see also Woodford v. Visciotti*, 537 U.S. 19,

24 (2002) (per curiam) (noting that AEDPA is a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt" (citation and internal quotation marks omitted)).

Here, the Arizona Court of Appeals relied on its earlier decision in *Henry*.[1]  Whether or not its decision was contrary to, or an unreasonable application of Supreme Court authority thus necessitates that we examine *Henry*'s logic.

The Ex Post Facto Clause of the United States Constitution "forbids the application of any new punitive measure to a crime already consummated." *Kansas v. Hendricks*, 521 U.S. 346, 370 (1997) (internal quotation marks omitted).  When determining whether a state's sex offender registration statute violates the Ex Post Facto Clause, courts must first "ascertain whether the legislature meant the statute to establish civil proceedings.  If the intention of the legislature was to impose punishment, that ends the inquiry." *Smith*, 538 U.S. at 92 (citation and internal quotation marks omitted).  "If, however, the intention was to enact a regulatory scheme that is civil and nonpunitive," courts must then "examine whether the statutory scheme is so punitive either in purpose or effect as to negate the State's intention to deem it civil." *Id.* (internal quotation marks and brackets omitted).

In *Smith*, the United States Supreme Court held that Alaska's Sex Offender Registration Act, which established a registration and public notification scheme similar to Arizona's, was "nonpunitive, and its retroactive application

---

[1] Petitioner does not contend that the facts of this case are meaningfully different from those in *Henry*.

does not violate the *Ex Post Facto* Clause." *Id.* at 105–06. The Court reached its conclusion by reasoning that "the intent of the Alaska Legislature was to create a civil, nonpunitive regime," *id.* at 96, and that the respondents could not show "that the effects of the law negate Alaska's intention to establish a civil regulatory scheme," *id.* at 105.

The first step in analyzing legislative intent thus requires courts to "ask whether the legislature, in establishing the penalizing mechanism, indicated either expressly or impliedly a preference for one label or the other." *Id.* at 93 (internal quotation marks omitted). *Henry* did just that, citing the law's regulatory, nonpunitive aim: "The purpose of the [Department of Public Safety's] internet sex offender website is to provide sex offender information to the public." *Henry*, 228 P.3d at 905 (alteration in original) (quoting 1998 Ariz. Sess. Laws, ch. 291, § 5). Moreover, *Henry* noted that an earlier decision of the Arizona Court of Appeals had found that "the legislature furnished ample indication that it intended to protect communities, not punish sex offenders" through the registration requirements. *Id.* (quoting *Ariz. Dep't of Pub. Safety v. Superior Court*, 949 P.2d 983, 988 (Ariz. Ct. App. 1997)). Specifically, the earlier decision found a "regulatory objective" in the registration requirements—the legislature's desire to protect the public from repeat sex offenders. *Ariz. Dep't of Pub. Safety*, 949 P.2d at 988.

From the facts that Arizona's sex offender registration scheme was enacted within the criminal code and that noncompliance with the registration requirements can result in punishment it does not necessarily follow that the legislature's intent was punitive. In *Smith*, the Supreme Court expressly stated that "[t]he location and labels of a

statutory provision do not by themselves transform a civil remedy into a criminal one." 538 U.S. at 94. The Court also held that Alaska's registration statute, which likewise contained criminal penalties for noncompliance, was nonpunitive. *Id.* at 102. It was thus not unreasonable for the Arizona Court of Appeals to conclude that Arizona's regulatory scheme is intended to be civil and nonpunitive.

Turning next to the question whether a law's punitive effects outweigh its regulatory purposes, courts consider a nonexhaustive set of factors listed in *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168–69 (1963). *Smith*, 538 U.S. at 97. *Smith* identified the factors most relevant to the sex offender registration inquiry as being whether, in its necessary operation, the regulatory scheme: (1) has been regarded in our history and traditions as a punishment; (2) imposes an affirmative disability or restraint; (3) promotes the traditional aims of punishment; (4) has a rational connection to a nonpunitive purpose; or (5) is excessive with respect to this purpose. *Id.*

There are two possible ways to consider whether the Arizona decision unreasonably applies *Smith*. One way is to examine the state court's application of each nonexclusive *Smith* factor. The other is to view the state court's decision as a whole, without parsing each factor. Either way, we conclude that *Henry* does not apply *Smith* unreasonably. We will begin by discussing each factor.

### 1. *Regarded as Punishment in History and Traditions*

The *Henry* court considered this factor. Although the Arizona Supreme Court had previously held sex offender registration to be a traditional form of punishment, that

holding was "undermined by *Smith*," which held that "[o]ur system does not treat dissemination of truthful information in furtherance of a legitimate governmental objective as punishment." *Henry*, 228 P.3d at 906 (quoting *Smith*, 538 U.S. at 98; citing *State v. Noble*, 829 P.2d 1217, 1223 (Ariz. 1992)).

Petitioner contends that the registration requirements of the Arizona statute, unlike the Alaska scheme in *Smith*, "go beyond the mere dissemination of factual information" and are analogous to public shaming. Specifically, he argues that Internet use has increased since the Supreme Court decided *Smith* in 2003; the Arizona statute requires registrants to provide online identifiers; and website identification will likely facilitate harassment of registrants, as evidenced by the recent adoption of cyber-stalking and cyber-harassment laws in Arizona.

Although Internet use has indeed increased since the Supreme Court decided *Smith* in 2003, the Court specifically considered the vast "geographic reach of the Internet" in its decision. The Court reasoned that "[w]idespread public access is necessary for the efficacy of the scheme, and the attendant humiliation is but a collateral consequence of a valid regulation." *Smith*, 538 U.S. at 99. Thus, the *Henry* court's analysis under this factor was not unreasonable.

2. *Imposing Affirmative Disability or Restraint*

*Henry* acknowledged that "Arizona's scheme is even more analogous to probation or supervised release than the Alaska scheme addressed in *Smith*." *Henry*, 228 P.3d at 906–07. The decision, however, went on to note that "Arizona's supreme court previously has upheld our sex

offender registration system as regulatory despite its codification in . . . our criminal code; its enforcement solely through criminal prosecution; and its designation of registration violations as felony offenses." *Id.* at 907 (citing *Noble*, 829 P.2d at 1218–19). The decision also emphasized that the Arizona legislature "has taken steps to tailor the statutes to serve more precisely their nonpunitive ends." *Id.* For example, mandatory notification is required only for offenders who are deemed to pose a high risk to the community, some provisions limit public disclosure of an offender's online identifiers, and courts are allowed to terminate both registration and community-notification requirements for sex offenders younger than age 22. *Id.* (citing Ariz. Rev. Stat. §§ 13-3821(H), 13-3825(C) & (L), and 13-3827(A), (D) & (E)). Taking the Arizona Supreme Court's decision in *Noble* and the statute's registration exceptions into account, it was not unreasonable for the *Henry* court to conclude that the statute is not so burdensome as to impose an affirmative disability or restraint.

### 3. *Promoting Traditional Aims of Punishment*

*Henry* does not expressly consider this factor.[2] Nonetheless, this factor does not weigh heavily in favor of a conclusion that the punitive effects of Arizona's registration statute outweigh its regulatory purposes.

---

[2] Petitioner does not argue that the mere failure to discuss every factor renders the Arizona court's decision contrary to, or an unreasonable application of, Supreme Court law. Nor would such an argument succeed in view of the fact that the *Mendoza-Martinez* factors are "neither exhaustive nor dispositive," *Smith*, 538 U.S. at 97 (quoting *United States v. Ward*, 448 U.S. 242, 249 (1980)).

The Supreme Court in *Smith* downplayed the importance of this factor: "To hold that the mere presence of a deterrent purpose renders . . . sanctions criminal would severely undermine the Government's ability to engage in effective regulation." 538 U.S. at 102 (internal quotation marks and ellipsis omitted). The Court also noted that, because the length of reporting requirements under the Alaska law were "reasonably related to the danger of recidivism, . . . [the law] is consistent with the regulatory objective." *Id.* Moreover, although *Henry* does not expressly discuss this factor, it does list various exceptions to the notification and registration requirements depending on the offender's level of risk or age. 228 P.3d at 907. Those exceptions undermine Petitioner's claim that the statute applies to all offenders indiscriminately. Similarly, the exceptions support a conclusion that, much like the Alaska law in *Smith*, Arizona's reporting requirements are reasonably related to the danger of recidivism.[3]

### 4. *Rational Connection to Nonpunitive Purpose*

*Smith* notes that a law's "rational connection to a nonpunitive purpose is a most significant factor" in the determination that the law's effects are consistent with a regulatory objective because they are nonpunitive. 538 U.S. at 102 (internal quotation marks and brackets omitted). Much like the law at issue in *Smith*, Arizona's registration statute

---

[3] Petitioner contends that this case is distinguishable from *Smith* because he is challenging his *criminal conviction* for failing to register, rather than merely challenging the registration requirements. This distinction is not a meaningful one for present purposes. *See United States v. Elkins*, 683 F.3d 1039, 1043–45 (9th Cir. 2012) (relying on *Smith* to reject the defendant's claim that his *prosecution* under the Federal Sex Offender Registration and Notification Act violated the Ex Post Facto Clause).

clearly has "a legitimate nonpunitive purpose of public safety . . . advanced by alerting the public to the risk of sex offenders." *Id.* at 102–03 (internal quotation marks omitted); *see also Henry*, 228 P.3d at 907 (noting that the registration and notification exceptions that apply depending on the offender's level of risk or age allow "the statutes to serve more precisely their nonpunitive ends"). Therefore, as it did in *Smith*, this factor weighs heavily in favor of a determination that the registration scheme's punitive effects do not outweigh its regulatory purposes.

### 5. *Excessive With Respect to Nonpunitive Purpose*

Unlike the Alaska statutory scheme analyzed in *Smith*—which required registration for only 15 years when the offender had been convicted of a nonaggravated offense—all offenders over the age of 22 must register for life in Arizona. *See Doe v. New Hampshire*, 111 A.3d 1077, 1100 (N.H. 2015) ("We find the lifetime duration of the registry in particular to be excessive, when considered with all of the act's other impositions."). The *Henry* court was troubled by the Arizona legislature's removal of regulations that limited disclosure, noting that the statutory scheme "now specifically requires broad community disclosure . . . for most classes of offenders." 228 P.3d at 908. Despite those concerns, though, *Henry* held that Arizona's and Alaska's statutory schemes were "not meaningfully distinguishable." *Id.* Taking into account the Arizona statute's registration and notification exceptions, which depend on the offender's level of risk or age, the state court's conclusion was not unreasonable.

6.  *Remaining Factors*

*Smith* counsels that "[t]he two remaining *Mendoza-Martinez* factors—whether the regulation comes into play only on a finding of scienter and whether the behavior to which it applies is already a crime—are of little weight" in cases such as this one. *Smith*, 538 U.S. at 105; *see also id.* ("The regulatory scheme applies only to past conduct, which was, and is, a crime. This is a necessary beginning point, for recidivism is the statutory concern."). Thus, those factors do little to support Petitioner's claim.

We turn next to an overall consideration of *Henry* in light of *Smith*. Considering all the relevant factors, taken together, the Arizona Court of Appeals was not unreasonable in holding that the statute's punitive effects fail to outweigh its regulatory purposes. The state court's decision in the present case is neither contrary to, nor does it unreasonably apply, the relevant Supreme Court precedent, *Smith*.

**AFFIRMED.**